The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARY SAFFIOTI, individually and as Personal Representative of the ESTATE OF MICHAEL SAFFIOTI, deceased, and GIOVANNI SAFFIOTI, individually,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, a municipal corporation, LENNON DEL ROSARIO, BRIAN QUINN, JEFFREY LANGSAM, LAUREN KOOIMAN, LYNDA SIMON, BETTY MARLIN, BETTY LUSK, and ARAMARK CORRECTIONAL SERVICES, LLC, a limited liability company organized under the laws of the State of Delaware,<br><br>Defendants. | Case No. 2:14-cv-00361-TSZ<br><br>MOTION TO QUASH SUBPOENA AND GRANT PROTECTIVE ORDER |

On Friday, May 8, 2015, five days before the May 13, 2015 discovery cutoff in this case, co-Defendant Aramark issued a deposition subpoena and a subpoena duces tecum to Hillary Evans Graber, one of the attorneys of record for Snohomish County Defendants. The respective subpoenas seek to take Ms. Graber's deposition on May 13, 2015 and command her to produce "any and all records and materials, whether prepare [sic] by you, provided to you and/or in your

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 1

Cause No. 2:14-cv-00361-TSZ

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

possession in connection with this case and/or in relation to Michael Saffioti, dob 3/1/1990." Not only is a subpoena to depose an attorney of record wholly inappropriate and the subpoena duces tecum incredibly overbroad, but the request on its face seeks exclusively information protected by attorney client and attorney work product privileges. Further, Aramark knows that Ms. Graber was on maternity leave and has no knowledge relating to the information Aramark claims to pursue by taking her deposition – yet Aramark persists. For these reasons, Snohomish County Defendants request that the Court issue a protective order and quash the subpoenas.

## I.  EVIDENCE RELIED UPON

Snohomish County Defendants rely upon the Declaration of Hillary Evans Graber, the Declaration of Jennifer Russell, the Declaration of Michael Held, and the pleadings and papers in this file.

## II.  FACTS

Hillary Evans Graber appeared in this case as an attorney of record representing the Snohomish County defendants upon the commencement of the case, March 12, 2014. (Dkt. 3). Ms. Graber was away from the office on maternity leave from December 10, 2014 to March 23, 2015, during which time she did not participate in this litigation in any way. Graber Decl. ¶4.

On Friday, May 8, 2015, five days before the May 13, 2015 discovery cutoff in this case, co-Defendants Aramark transmitted subpoenas to Ms. Graber via email. Graber Decl. ¶11. The subpoenas seek to take her deposition on May 13, 2015 and command her to produce "any and all records and materials, whether prepare [sic] by you, provided to you and/or in your possession in connection with this case and/or in relation to Michael Saffioti, dob 3/1/1990." Graber Decl. ¶11.

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 2

Cause No. 2:14-cv-00361-TSZ

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

That same day, Snohomish County Deputy Prosecuting Attorney Michael Held, attorney for the County who is representing Ms. Graber in this matter, contacted counsel for Aramark: Michael Jaeger and Justin Boland. Mr. Held left voicemail messages for Mr. Jaeger and Mr. Boland, then sent all parties an email, scheduling a Fed. R. Civ. P. 26(c)(1) and LR 26(c)(1) conference for Monday, May 11, 2015 at 10:00 a.m.  Held Decl. ¶3.  Mr. Jaeger rescheduled the call for Monday, May 11 at 2:00 p.m., at which time Mr. Jaeger and Mr. Held conferred.  Held Decl. ¶6.

During that conversation, counsel for Aramark indicated they seek to depose Ms. Graber to learn information about her attorney/client relationship with Thomas Vernon, who was an employee of Snohomish County Jail from 1986 to 2014 and who worked in the Jail's kitchen the day Mr. Saffioti died.  Id. at ¶4, 6; Dkt. 91.  Snohomish County Defendants disclosed a declaration executed by Mr. Vernon on March 9, 2015.  Held Decl. ¶6.  Plaintiffs took Mr. Vernon's deposition on May 7, 2015.  Id.  In his deposition, Mr. Vernon stated that Ms. Graber assisted in drafting his declaration and that his declaration contained statements and information that he did not personally know to be true.  Id. ¶4.  It is Snohomish County Defendants' understanding that Aramark now seeks to depose Ms. Graber solely to delve into her privileged conversations with Mr. Vernon relating to the drafting and signing of his declaration.  Id. at ¶4, 6.

Ms. Graber met with Mr. Vernon twice.  Their first meeting was in March of 2014, at which time she met with Mr. Vernon to introduce herself and learn what he knew about the facts of the case.  Graber Decl. ¶2.  She took detailed notes of her conversation (and will produce those privileged notes for an *in camera* review if directed by the Court).  Id.  After that

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 3

Cause No. 2:14-cv-00361-TSZ

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

initial meeting, Ms. Graber had no contact with Mr. Vernon until May 6, 2015, when she met with him before his deposition.  Id. at ¶3, 6.  She took detailed notes of her conversation (and will produce those privileged notes for an *in camera* review if directed by the Court).  Id. at ¶6.

Ms. Graber did not draft, edit nor review Mr. Vernon's declaration before it was executed and produced in discovery.  Ms. Graber was on leave when Mr. Vernon's declaration was drafted and signed.[1]  Id. at ¶4.  Ms. Graber was not even aware that Mr. Vernon had executed a declaration until her return to work from maternity leave in late March, 2015, after it had been signed and filed.  Id.

Snohomish County Defendants informed Aramark's attorneys that Ms. Graber was not involved in drafting or executing Mr. Vernon's declaration.  Held Decl. ¶8.  Snohomish County Defendants offered to submit sworn declarations of counsel relating to the drafting of the Vernon declaration, which counsel for Aramark declined.  Id.  Despite this, Aramark persists in its intent to take her deposition and collect from her, essentially, every document in the case.  Id.

### III.  ARGUMENT

Opposing counsel seeks to depose an attorney of record in this case; as this is a disfavored practice, the Court should quash the subpoena and issue a protective order.  A court must quash a subpoena that

> (i) fails to allow a reasonable time to comply; …
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

---

[1] Jennifer Russell, a contract attorney with the County, contacted Mr. Vernon to execute a declaration.  Russell Decl. ¶2, 3.  Ms. Russell spoke to Mr. Vernon on two occasions in the course of drafting his declaration and prepared the declaration based on information he conveyed to her.  Id. at ¶4-7.

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 4

Cause No. 2:14-cv-00361-TSZ

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Fed. R. Civ. P. 45(d)(3)(A). While parties are permitted discovery into "any nonprivileged matter that is relevant to any party's claim or defense" under Fed. R. Civ. P. 26(b)(1), the court may issue a protective order under Fed. R. Civ. P. 26(b) and (c) when good cause is shown. The burden is on the party seeking the deposition to show the propriety of and need for deposing opposing counsel. Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); Am. Casualty Co. v. Krieger, 160 F.R.D. 582, 588 (S.D.Cal.1995); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 164 F.R.D. 245 (D. Kansas 1995).

Shelton v. Am. Motors Corp. is the leading case on depositions of attorneys of record. FMC Technologies, Inc. v. Edwards, 2007 WL 836709 (W.D. Wash. Mar. 15, 2007). In Shelton, the plaintiff sought to depose defense counsel ostensibly to verify the defendant had complied with the plaintiff's discovery requests. 805 F.2d 1323. The Eighth Circuit held it was not improper for the defendant's supervising in-house litigation counsel in an auto accident case to refuse to submit to a deposition concerning her awareness of certain documents that the defendant had supposedly produced. Troubled by the increasingly popular practice of taking an opposing counsel's deposition, the court held such depositions should be allowed "only in limited circumstances." Id. at 1327. The court noted its concern that such depositions could provide a back-door method for attorneys to glean privileged information about an opponent's litigation strategy from the opposing attorney's awareness of various documents and drew an analogy to the practice of forcing another party's trial counsel to testify as a witness, which courts typically discourage because of its disruptive effect on the adversary system. Id. Accordingly, the court held that parties seeking to depose opposing trial counsel must show that: (1) no other means exist to obtain the information sought through the deposition than to

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 5

Cause No. 2:14-cv-00361-TSZ

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case.  Id.

When work product or attorney client communications are sought, such discovery is limited to circumstances where the party seeking discovery can establish a substantial need and an inability to obtain the substantial equivalent by other means, such as written interrogatories.  See Wayne Cnty. Airport Auth. v. Johnson Controls, Inc., 2013 WL 4805058 (E.D. Mich. 2013) ("narrowly crafted" interrogatories should be utilized prior to seeking deposition of counsel); Ausherman v. Bank of America, 212 F. Supp.2d 435, 438-39 (D.C.Md. 2002) (owing to allegations an attorney made false statements during settlement discussions, the court allowed deposition, but presided over the deposition to ensure compliance with court's orders regarding the matter.)

The mere request to depose trial counsel constitutes good cause to obtain a protective order:

> Because the deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party' attorney constitutes good cause for obtaining a Rule 26(c) protective order unless the party seeking the deposition can show both the propriety and need for the deposition.  This procedure is superior to requiring the attorney to submit to a deposition and make his objections at that time.  Sometimes there are very legitimate reasons for deposing a party's attorney.  More often deposition of the attorney merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine—that involving an attorney's mental impressions or opinions.

N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (M.D.N.C. 1987).

> Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper.

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 6

Cause No. 2:14-cv-00361-TSZ

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305 (N.D. Ill. 1992).

Aramark cannot satisfy the Shelton requirements or otherwise justify its position that it should be allowed to take Ms. Graber's deposition and she should comply with a subpoena seeking privileged documents in her possession.  First, ostensibly, the information Aramark seeks has already been obtained through the deposition of Mr. Vernon and prior discovery.  Additionally, Aramark has declined counsel's offer to provide written declarations, answering the questions they claim to seek answered by Ms. Graber in deposition.  Second, information pertaining to the drafting of a declaration is irrelevant to the allegations in the lawsuit and consists entirely of privileged materials.  Third, the information is not crucial to the case; Aramark could easily stand on the deposition testimony of Mr. Vernon – an actual witness to the events in question – but has opted to instead seek deposition of an attorney who spoke to Mr. Vernon.

Further, Aramark sent Ms. Graber an email, with subpoenas attached, seeking essentially every document in the case (of which tens of thousands have already been produced) and gave her five days to comply.  Their request does not provide sufficient time and subjects Ms. Graber to an undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv).  In addition, Aramark failed to properly serve its supboenas on Ms. Graber, a non-party, sending them via email.  Fed. R. Civ. P. 45(b).

Aramark is apparently attempting to create a side-show by subpoenaing an attorney of record on this case in order to divert attention from the merits of the case.  The information Aramark seeks is, by definition, attorney client privileged communication and/or attorney work product documents.  Aramark's subpoenas to Ms. Graber are overbroad, improperly served, and

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 7

Cause No. 2:14-cv-00361-TSZ

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

wholly inappropriate.  Incredibly, Aramark knows that Ms. Graber was not involved in drafting or executing Mr. Vernon's declaration – the information Aramark claims to seek - and yet Aramark persists.  Snohomish County defendants ask the Court quash the subpoenas and issue a protective order, prohibiting the deposition of Ms. Graber and relieving Ms. Graber of any obligation to comply with the subpoena duces tecum.

### IV.  CONCLUSION

Because the information Aramark seeks is protected by privilege, improperly served, and overbroad, this Court should quash the subpoenas and issue a protective order, protecting Ms. Graber from deposition and production of documents.

DATED this 12th day of May, 2015.

MARK K. ROE
Snohomish County Prosecuting Attorney

*/s/ Robert Tad Seder*
ROBERT TAD SEDER, WSBA #14521
Deputy Prosecuting Attorney
Attorney for Snohomish County Defendants
Snohomish County Prosecuting Attorney – Civil Division
3000 Rockefeller Ave., M/S 504
Everett, Washington  98201
Phone: (425) 388-6330 / Fax:  (425) 388-6333
tseder@co.snohomish.wa.us

MILLS MEYERS SWARTLING P.S.
Attorneys for Snohomish County

*/s/ Caryn Geraghty Jorgensen*
Caryn Geraghty Jorgensen, WSBA No. 27514
Mills Meyers Swartling P.S.
1000 Second Avenue, 30th Floor
Seattle, WA  98104
Telephone: 206-382-1000
Fax: 206-386-7343
cjorgensen@millsmeyers.com

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 8

Cause No. 2:14-cv-00361-TSZ

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

I hereby declare I served a true and correct copy of the foregoing Motion to Quash and for Protective Order upon the person/persons listed by the method(s) indicated:

| | |
|---|---|
| James S. Rogers, WSBA #5335<br>Cheryl Snow, WSBA #26757<br>Elizabeth J. Donaldson, WSBA #45291<br>Law Offices Of James S. Rogers<br>1500 Fourth Avenue, Suite 500<br>Seattle, WA 98101<br>Phone: (206) 621-8525<br>Fax: (206) 223-8224<br>jsr@jsrogerslaw.com<br>csnow@jsrogerslaw.com<br>liz@jsrogerslaw.com<br>*Attorneys for Plaintiffs* | ☒ Electronic Filing (CM/ECF)<br>☐ Facsimile<br>☐ Express Mail<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| William H. Walsh, WSBA #21911<br>Robert D. Lee, WSBA #46682<br>Cozen O'Connor<br>Wells Fargo Center<br>999 Third Avenue, Ste. 1900<br>Seattle, WA 98104<br>Phone: (206) 340-1000<br>Fax: (206) 621-8783<br>wwalsh@cozen.com<br>rlee@cozen.com<br>*Attorney for Defendant Lynda Simon* | ☒ Electronic Filing (CM/ECF)<br>☐ Facsimile<br>☐ Express Mail<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Michael A. Jaeger, WSBA #23166<br>Jodi M. Held, WSBA #19952<br>Lewis Brisbois Bisgaard & Smith LLP<br>2101 Fourth Avenue, Suite 700<br>Seattle, WA 98121<br>Phone: (206) 436-2020<br>Fax: (206) 436-2030<br>Michael.jaeger@lewisbrisbois.com<br>Jodi.held@lewisbrisbois.com<br>*Attorneys for Defendant Aramark Correctional Services, LLC* | ☒ Electronic Filing (CM/ECF)<br>☐ Facsimile<br>☐ Express Mail<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 9

Cause No. 2:14-cv-00361-TSZ

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

| | |
|---|---|
| Brian A. Kelly<br>Duane Morris LLP<br>Spear Tower<br>1 Market Street, Suite 2200<br>San Francisco, CA 94105<br>Phone: (415) 957-3000<br>bakelly@duanemorris.com<br>*Admitted Pro Hac Vice*<br>*Attorney for Defendant Aramark Correctional Services, LLC* | ☒ Electronic Filing (CM/ECF)<br>☐ Facsimile<br>☐ Express Mail<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Sean B. Malcolm, WSBA No. 36245<br>Sean B. Malcolm, PLLC<br>5400 Carillon Point<br>Kirkland, WA 98033<br>Phone: (206) 659-9514<br>Fax: (206) 425-968-9511<br>sean@kirklandtriallawyer.com | ☒ Electronic Filing (CM/ECF)<br>☐ Facsimile<br>☐ Express Mail<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Everett, Washington, this 12th day of May, 2015.

By: */s/ Robert Tad Seder*
ROBERT TAD SEDER, WSBA #14521

MOTION TO QUASH AND FOR PROTECTIVE ORDER - 10

Cause No. 2:14-cv-00361-TSZ

**SNOHOMISH COUNTY**
**PROSECUTING ATTORNEY - CIVIL DIVISION**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333