THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9            WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROSEMARY SAFFIOTI, individually and as Personal Representative of the ESTATE OF MICHAEL SAFFIOTI, deceased, and GIOVANNI SAFFIOTI, individually,<br><br>                    Plaintiff,<br><br>      vs.<br><br>SNOHOMISH COUNTY, a municipal corporation; LENNON DEL ROSARIO, JEFFREY LANGSAM, LAUREN KOOIMAN, LYNDA SIMON, BETTY MARLIN, BETTY LUSK, and ARAMARK CORRECTIONAL SERVICES, LLC, a limited liability company organized under the State of Delaware,<br><br>                    Defendants. | No.  2:14-cv-00361-TSZ<br><br>DEFENDANT ARAMARK CORRECTIONAL SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56 AND MOTION TO STRIKE THE DECLARATION OF THOMAS VERNON UNDER FED. R. CIV. P. 12(f)<br><br>NOTED FOR MOTION CALENDAR: JUNE 5, 2015<br><br>Oral Argument  Requested |

## I.      RELIEF REQUESTED

Defendant Aramark Correctional Services, LLC ("Aramark") moves for summary judgment of Plaintiffs' negligence claim.  Plaintiffs cannot show that Aramark was negligent, owed any duty to Mr. Saffioti, breached any duty owed to Mr. Saffioti or that the alleged breach was the proximate cause of Mr. Saffioti's death.  Aramark also moves to strike the declaration of Thomas Vernon because it is based on admittedly untruthful testimony that greatly prejudices Aramark.

Aramark can show that in an effort to keep another party enmeshed in this protracted, expensive and time consuming litigation, Defendant Snohomish County submitted the false and

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

misleading declaration of a retired Corrections Officer on which their foodservice expert (Ken Batali) based his written opinion.  In turn, these falsehoods were used as a blunt instrument to strike down Aramark's Opposition to Plaintiffs' Motion For Leave to File a Third Amended Complaint, *See* Dkt. 94, and to render moot the argument regarding Aramark's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12.  *See* Dkt. 81.

Accordingly, Aramark moves this court to dismiss Plaintiffs' suit against Aramark as a matter of law because there is not a single genuine dispute as to any material fact concerning Aramark's alleged wrongdoing.  In fact, the sole allegation by which Plaintiff's, through Defendant Snohomish County's spurious allegations and transparent conjecture, have alleged that Aramark has some culpability in Mr. Saffioti's tragic death has now been proven completely false and manufactured.  Plaintiffs' claims against Aramark should be dismissed and the Court should strike the declaration of Thomas Vernon and disregard the report of Ken Batali.  Finally, Aramark reserves the right to seek any sanctions that this Court deems necessary and appropriate.

## II.    INTRODUCTION

Plaintiffs' initially filed this case in King County Superior Court on February 19, 2014. Plaintiffs did not name Aramark as a defendant in their detailed and fact specific 14 page complaint.  The matter was eventually removed to this Court when Plaintiffs' filed their First Amended Complaint on October 3, 2014.  *See* Docket 43.  Despite discovery having progressed for nine months, Plaintiffs still did not name Aramark as a defendant when their First Amended Complaint was filed.   When Defendant Snohomish County filed their answer to Plaintiffs' First Amended Complaint on October 29, 2014, they asserted as an affirmative defense that Aramark, the foodservice provider at the Snohomish County Jail, was somehow at fault for Michael Saffioti's tragic death, despite the official Snohomish County Sheriff's Office Major Crimes Unit investigation of Mr. Saffioti's death not implicating Aramark in any fashion.  Snohomish County's Answer to Plaintiff's First Amended Complaint stated:

"9. <u>Third Party.</u>  The injuries for which Plaintiff seeks relief were proximately caused, in whole or in part, by the acts or omission of a third party, including but not limited to Aramark

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

**1** Correctional Services, LLC.  Thus, liability of the responsible parties should be apportioned

**2** according to their individual degree of fault, and any judgment should be reduced accordingly."
*See* Docket 45.

**3**
        The Court then granted Plaintiff leave to file their Second Amended Complaint, which

**4** joined Aramark in the instant lawsuit.  However, in their Second Amended Complaint, Plaintiffs

**5** made no secret of why they felt compelled to join Aramak as a party, over ten months after they

**6** filed their initial complaint:

**7**
        "8.  Aramark Correctional Services, LLC ("Aramark") is a company that provides food
services for SCJ pursuant to a contract they entered into with Snohomish County.  In answer to

**8** Plaintiffs' First Amended Complaint, Snohomish County, Lennon Del Rosario, Jeffrey Langsam,
Lauren Kooiman, and Betty Marlin, have alleged that they are not jointly and severally liable and

**9** responsible for the Plaintiffs' damages unless Aramark is joined as a party to this action.  To avoid

**10** Snohomish County, Lennon Del Rosario, Jeffrey Langsam, Lauren Kooiman, and Betty Marlin's
attempts to reduce their responsibility and liability, Plaintiffs hereby join Aramark as a party based

**11** on Snohomish County, Lennon Del Rosario, Laruen Kooiman, and Betty Marlin's  allegation of

**12** negligence and proof of fault."  *See* Docket 60.

**13**
        Thus, Plaintiffs pled no specific facts of wrongdoing by Aramark. .

**14**
        On February 12, 2015, Defendant Snohomish County disclosed the report its foodservice

**15** expert, Ken Batali.  Shortly after that disclosure, it also revealed the recently signed declaration of

**16** former Corrections Deputy Thomas Vernon. Vernon made specious allegations against Aramark.

**17** After reviewing Snohomish County's newest allegations, Plaintiffs  again sought leave from the

**18** Court to amend their complaint for a third time, to incorporate Snohomish County's newest

**19** allegations.

**20**
        Soon after, Aramark opposed Plaintiffs Motion for Leave to File a Third Amended

**21** Complaint[1] and moved for Judgment on the Pleadings as to the then current Second Amended

**22** Complaint.

**23**
        The new allegations against Aramark took the form of a February 11, 2015 report authored

**24** by Batali that directly relied upon information from Vernon, and was then then followed by a

**25** declaration that Vernon signed on March 4, 2015. *See* Dkt. 88.  Snohomish County relied upon

**26**

**27**
_____
[1] *See* Exhibit 1, Plaintiffs' Third Amended Complaint, Docket 106

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1   both documents in its reply briefing, opposing Aramark's Motion for Judgment on the Pleadings

2   and averred to the veracity of the Batali Report and Vernon Declaration.  *See* Dkt. 88.  Vernon's

3   declaration claimed that he recalled a specific conversation he had with Corrections Deputy Del

4   Rosario and an unnamed Aramark employee in the Snohomish County Jail kitchen on July 3,

5   2012, the morning that Mr. Saffioti died.  *See* Dkt. 91.  Based on the conveniently unearthed

6   allegations put forward in Vernon's declaration, Batali formed the opinion that Aramark had

7   breached its duty of care as a foodservice provider.

8        Plaintiffs' primary argument to the Court in support of their Motion for Leave to File a

9   Third Amended Complaint and Opposition to Aramak's Motion for Judgment on the Pleadings

10  was that the new allegations by Snohomish County contained in Vernon's declaration and Batali's

11  report contained new information concerning Aramark's alleged negligence. *See* Dkt. 92.

12       Plaintiffs' argued:

13  "One report provided by Snohomish County was authored by Ken Batali.  Mr. Batali's

14  report included details of which the Plaintiffs' were unaware and had not had an opportunity to
    learn.  Specifically, Mr. Batali noted:

15       I have also been advised when Mr. Saffioti told the Custody Deputy on duty at breakfast,

16       Lennon Del Rosario, that he needed a special meal, Del Rosario called down to Custody
         Deputy Vernon who was in the kitchen.  Deputy Vernon had no record in the computer of

17       a special meal.  Custody Vernon (sic) advised Aramark personnel that inmate Saffioti
         needed a special meal because he was "allergic to some stuff."  The Aramark personnel

18       responded that they would not provide a special meal because they did not have a special
         diet approved by nursing staff for inmate Saffioti.  Consistent with Aramark policy and

19       practices as described in response to Interrogatory No. 3, Aramark should have provided a
         special meal in response to a phone call inquiry from the E4 module and information

20       provide by Deputy Vernon."  *See* Docket 83.  (Emphasis added.)

21       After reviewing briefing from all parties, this Court found that the Plaintiffs had made a

22  sufficient showing of good cause to allow them to file a Third Amended Complaint.  The Court

23  also found that Aramark's Motion for Judgment on the Pleading as to the Second Amended

24  Complaint was moot.  Plaintiffs' primary argument for "good cause" to again amend their

25  complaint was Batali's report and his reference to Vernon's declaration.  When Plaintiffs filed

26

27

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1    their Third Amended Complaint, it contained verbatim references to Vernon's declaration and

2    Batali's report.  *See* Dkt. 105.

3           On May 7, 2015 former Corrections Deputy Thomas Vernon was deposed regarding the

4    declaration he signed on March 4, 2015.  *See* Dkt. 91.  In direct contravention to his declaration

5    Vernon admitted that he <u>did not have any recollection of the events that were described in his</u>

6    <u>declaration, and admitted that the information contained in the declaration had been narrated to</u>

7    <u>him by a Deputy Prosecuting Attorney for Defendant Snohomish County.</u>

8           At the outset of his deposition, Vernon confirmed that nothing would prevent him from

9    testifying to the best of his abilities and that he understood the deposition process:

10          Q.  Any medical conditions or anything that might make it difficult for you to provide your
11          best testimony here today?
             A.  No.
12          Q.  If you don't understand a question I ask you, let me know and I'll do my best to
             rephrase it, try to make sure we're communicating clearly.  So that is another thing to keep
13          in mind.[2]

14          Vernon admitted that he did not recall the events of the morning of July 3,

15   2012, the subject time period of his declaration:

16          Q.  Do you remember, on the morning of July 3, who replaced you?
17          A.  No.
            Q.  When did you first learn that that there had been a death in the jail involving Michael
18          Saffioti?
            A.  I think it was about four days after it happened. [3]
19

20          As stated above, the Snohomish County Sheriff's Office Major Crimes Unit (MCU) did a

21   comprehensive investigation of the events surrounding Saffioti's tragic death.  In their

22   investigation, they interviewed dozens of people: nurses, custody offices, inmates and supervisors.

23   Vernon went on to say that he was not interviewed following Saffioti's death:

24          Q.  Were you ever interviewed, at any time after Mr. Saffioti's death, in connection with
25          any of the work that you did on the day he died?

26   _____

     [2] *See* Exhibit 2, Deposition transcript of Thomas Vernon, May 7, 2015
27   [3] *Id.*

1   A.  No. [4]

2   Vernon was not contacted by anyone about the events on the morning of July 3, 2012 for

3   over two years:

4       Q.  When do you recall first being contacted about any recollection you might have had
5       about the day that Mr. Saffioti died?  When is the fist time someone contacted you about
        that?
6       A. I was already retired, I can't remember exactly when the contact –
        Q. But you had already retired?
7       A.  Yes.
        Q.  That was in August of 2014?
8       A.  Um-hmm.
        Q.  So more than two years after Mr. Saffioti's death?
9       A.  Yeah.
        Q.  Who contacted you?
10      A.  The prosecutor's office. [5]

11  Vernon stated that he was called on the phone by a member of the Civil Division of the

12  Snohomish County Prosecutors Office, Hillary Graber.  Ms. Graber told him what the

13  investigation and discovery had revealed about the events of the morning of July 3, 2012:

14      Q.  Do you remember who from the prosecutor's office it was who contacted you?
15      A.  I think it was Hillary.
        Q.  Do you know the last name?  Is that the last name?
16      MR. SEDER[6]:  Hillary Evans at the time is now Hillary Graber.
17      Q.  Was that the first time anyone had ever asked you about the death of Mr. Saffioti?
        A.  Yes.
18      Q.  Prior to being contacted, did you have any recollections of any facts or circumstances
        relating to Mr. Saffioti's death?
19      A.  No.
        Q.  So some two years after his death, someone contacts you and asks you if you remember
20      anything about Mr. Saffioti's death.
        A.  Correct.
21      Q.  Who was working in the module where Mr. Saffioti was on the day he died, if you
        know?
22      A.  I didn't know at the time until I was contacted.
        Q.   By Ms. Graber?
23

_____

[4] *Id.*

[5] *Id.*

[6] Robert Tad Seder is a counsel of record for Defendant Snohomish County.

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1
A.  Yes.
Q.  And she told you who was working in Mr. Saffioti's unit.
2
A.  Yes.
Q.  At the time, did you have a recollection of anything happening on that specific day out
3
of the ordinary in the kitchen?
4
A.  No.
Q.  Your declaration describes recalling a conversation with Officer Del Rosario.  Did you
5
actually remember that?
A.  To be honest, no.  I was told it was Del Rosario.  I remember someone calling me.
6
That's it.
Q.  Do you remember anything about what they said to you?
7
A.  Just that he had a person that needed a special diet.  I told him that, hang on, I would
8
talk to Aramark and I'd get back to him.
Q.  So, you specifically recall that two and a half – two years later?
9
A.   That was standard procedure on my part.
Q.  No, I understand whatever standard procedure might have been.  Did you actually
10
remember it when you were contacted?
11
A.  No, I don't.
Q.  Do you remember it today?
12
A.  No.
Q.  So you're just going off of what standard procedure would have been?
13
A.  Yes, basically.
Q.  But you don't remember what happened on that particular day?
14
A.  No. [7]

15
Vernon did not actually draft the declaration he signed under penalty of perjury:
16
17
Q.  Did you draft the declaration?
A.  I gave it verbally over the phone.  It was taken.  And Hillary said that she would mail it
to me, to go over it, and if I wanted to change anything, give her a call and she would
18
change it and mail it back to me. [8]
19
Vernon went on to narrate how his declaration was manufactured by Defendant Snohomish
20
County:
21
22
Q.  Did you have one or multiple conversations with Ms. Graber or others from the
prosecuting attorney's office?
23
A.  Probably four or five.
Q.  Did anybody meet with you in person?
24
A.  No.
Q.  Did anybody provide you any records?
25

26
---

[7] *Id.*
27
[8] *Id.*

1    A.  No.
    Q.  Did you review any notes or logs?

2    A.  No.
    Q.  Did you ask to see any?

3    A.  No.
    Q.  Were any kept?

4    A.  I don't know.  [9]

5

6    Vernon confirmed that he did not recall the alleged phone call and alleged phone

7 conversation that are the linchpin of his declaration:

8    Q.  You don't have any recollection, as you sit here today, that you had a call, while you were working on July 2nd or July 3rd, 2012, that there was a need for any special diet or an

9    allergy of any worker?  Correct?
    A.  No.

10   Q.  And you can't tell me anybody that you would have possibly spoken to that worked for Aramark on that day or even who was working for Aramark on that day.

11   A.  No.
    Q.  It's correct, is it not, that in connection with the Snohomish County Procedures, you

12   didn't have any authority to order any special diet meals?

13   A.  That's correct.  [10]

14    Under examination from Plaintiffs' counsel, Vernon further clarified that the material

15 details in his declaration were provided by Deputy Prosecuting Attorney Hillary Graber, a counsel

16 of record for Snohomish County:

17

18   Q.  Mr. Vernon, what I would like to know, then, when we look at, let's say, paragraph seven, which is at the bottom of page two, where it reads, these details, around 5:50 a.m. ,

19   who provided the fact to you that there was a call around 5:50 a.m,?
    A.  Hillary.

20   Q.  Who provided the fact to you that at 5:50 a.m., there was a call from Deputy Del Rosario?

21   A.  Hillary.
    Q.  And the fact that Del Rosario asked if there was a special meal for an inmate who said

22   he had allergies, who provided that fact to you?

23   A.  Hillary.
    Q.  And the fact that you requested or you asked an Aramark employee if there was a

24   special meal for an inmate in E4 who said he was allergic to some stuff, did Hilary provide that fact to you as well?

25

26 [9] *Id.*

27 [10] *Id.*

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1    A.  Yes [11]

2    Vernon has no actual recollection of the events he averred were true and correct in his

3 Declaration.  Ms. Graber spoon-fed him the information and Batali subsequently based his opinion

4 of liability against Aramark on Vernon's falsehoods.  Finally, on the purported strength of

5 Vernon's declaration and Batali's report, two of Aramark's motions were denied or rendered

6 moot, and Plaintiff was allowed to file their Third Amended Complaint, further enmeshing

7 Aramark in a case which they should never have been involved.   With the revelations from

8 Vernon's deposition, however, Snohomish County's spurious attribution of fault to Aramark has

9 collapsed under its own weight.

10    The sole allegation by which Plaintiffs' and Defendant Snohomish County had claimed

11 that Aramark has some contributory responsibility is completely false and manufactured.

12 Accordingly, Aramark moves this court to dismiss Plaintiffs' suit against them as a matter of law

13 because no genuine dispute exists as to any material facts.  The sole allegation by which Plaintiffs'

14 and Defendant Snohomish County had claimed that Aramark has some contributory responsibility

15 has been proven to be completely false and manufactured.  Plaintiffs' claims against Aramark

16 should be dismissed pursuant to Fed. R. Civ. P. 56, and this Court should strike Vernon's

17 declaration under Fed. R. Civ. P. 12(f) and disregard Batali's report.

18    **III.     STATEMENT OF FACTS[12]**

19    Plaintiffs' lawsuit follows the tragic death of Michael Saffioti on July 3, 2012, while

20 incarcerated in the Snohomish County Jail in Everett, Washington.  As Plaintiffs' Third Amended

21 Complaint sets forth in specific detail, there are abundant allegations of wrongdoing by defendants

22 Snohomish County and its employees.  However, as to Aramark, Vernon's deposition testimony

23 proves that the only allegation of any wrongdoing by Aramark is a false.  The allegations in the

24 operative complaint confirm that the County never requested that Aramark to provide a special

25

26 [11] *Id.*

27 [12]   The facts presented in the instant motion are drawn from the allegations in the Plaintiff's Third Amended Complaint for the purposes of this motion.  Defendant Aramark does not concede these facts as true.

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1    diet meal through its approved policy.

2        One day before his death, Mr. Saffioti presented himself to the Lynnwood Police

3    Department for an outstanding misdemeanor warrant for possession of marijuana.  *See* Third

4    Amended Complaint, attached to the Declaration of Michael A. Jaeger in Support of Defendant

5    Aramark's Motion for Summary Judgment, at ¶12.  A booking officer at the Lynwood Jail

6    determined that because of Mr. Saffioti's described dietary restrictions, he would be better

7    supervised at the Snohomish County Jail in Everett, WA.  Decl. of Jaeger, Exhibit 1 at ¶13.

8        Mr. Saffioti was then transported and booked into the Snohomish County Jail on the

9    afternoon of July 2, 2012.  Decl. of Jaeger, Exhibit 1 at ¶14.  Upon intake at the Snohomish

10   County Jail, Mr. Saffioti described his health concerns, including his asthma and dairy allergy, to

11   jail staff who then documented those issues in the system at the Snohomish County Jail.  Decl. of

12   Jaeger, Exhibit 1 at ¶15.

13       When Mr. Saffioti was booked into the Snohomish County Jail, he interacted with nurse

14   Betty Lusk, an employee of Defendant Snohomish County.  Decl. of Jaeger, Exhibit 1 at ¶17.

15   Nurse Lusk admitted that Mr. Saffioti advised her that he did have a milk allergy and did require a

16   special diet.  Decl. of Jaeger, Exhibit 1 at ¶17.  However, Nurse Lusk and/or the Snohomish

17   County Jail never notified Aramark of Mr. Saffioti's allergy or need for a special diet.  Indeed,

18   Plaintiff specifically alleges that "the jail failed to place Michael on the list for a special diet."

19   Decl. of Jaeger, Exhibit 1 at ¶19.  Mr. Saffioti had been booked into the Snohomish County Jail

20   several times before and the Snohomish County Jail and their medical staff were made aware of

21   his allergies and health concerns during those stays.

22       Aramark was contracted by the Snohomish County Jail to provide food services at the jail.

23   Decl. of Jaeger, Exhibit 1 at ¶8.  Plaintiffs do not allege and cannot allege that Aramark has any

24   responsibilities as to screening inmates for food allergies or in selecting alternate menus for

25   inmates with medical concerns.  On the morning of July 3, 2012, jail staff brought breakfast to the

26   module where Mr. Saffioti was housed.  Consistent with the allegations, the Aramark kitchen staff

27   prepared the meals requested by the Snohomish County Jail.  Decl. of Jaeger, Exhibit 1 at ¶17.  As

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1   alleged, only if requested by Snohomish County could a special diet tray be sent to an inmate.

2   Because no request was made to Aramark, no special milk intolerance diet trays were prepared by

3   the jail kitchen for the breakfast served in the module where Mr. Saffioti was located (E-4).  Decl.

4   of Jaeger, Exhibit 1 at ¶19.  No one had alerted the kitchen, staffed by Aramark, of Mr. Saffioti's

5   dietary restrictions.  Aramark kitchen staff were never requested to prepare a special diet meal, nor

6   were they ever made aware of any need for a special meal that morning.  While a portion of the

7   Plaintiffs' Third Amended Compliant makes allegations concerning an alleged conversation

8   between former Corrections Deputy Vernon and an unnamed Aramark employee in the

9   Snohomish County Jail kitchen, Vernon has since disclaimed any knowledge of that alleged

10  conversation and an alleged phone call between he and  Corrections Deputy  Del Rosario in Mr.

11  Saffioti's module.  As such, no portion of Plaintiffs' Third Amended Complaint can allege that

12  anyone ever informed Aramark about Mr. Saffioti's dietary restrictions and needs on July 2, 2012

13  or July 3, 2012—nor can such an allegation be made consistent with the facts.

14          The breakfast consisted of oranges, pancakes, oatmeal and syrup.  Decl. of Jaeger, Exhibit

15  1 at ¶19.  When Mr. Saffioti learned that Snohomish County Jail had not served him a special

16  meal and complained to the correction officer, he was told by Corrections Deputy Del Rosario that

17  he was not on the meal list for a special diet.  Corrections Deputy Del Rosario then directed Mr.

18  Saffioti to eat what he had been provided, or go without breakfast.  Decl. of Jaeger, Exhibit 1 at

19  ¶20.  Mr. Saffioti discarded the pancake on his plate, received permission to wash his utensil and

20  ate the oatmeal, which Plaintiffs allege triggered a severe allergic reaction.  However, the recipe

21  card for the oatmeal made that morning <u>does not contain dairy</u>.

22          Aramark's joinder as a defendant in the Second Amended Complaint, and subsequent

23  Third Amended Compliant, seems fueled by nothing more than Plaintiffs' repeating a conclusory

24  recital from a near boiler plate affirmative defense asserted by Defendant Snohomish County.  In

25  answering Plaintiffs' First Amended Complaint, defendant, Snohomish County, and its employee

26  defendants, Lennon Del Rosario, Brian Quinn, Jeffrey Langsam, Lauren Kooiman, Betty Lusk and

27  Betty Marlin set forth the following generic Affirmative Defense:  "The injuries for which

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Plaintiff seeks relief were proximately caused, in whole or in part, by the acts or omissions of a third party, including but not limited to Aramark Correctional Services, LLC." *See* Answer of Snohomish County, Lennon Del Rosario, Jeffrey Langsam, Lauren Kooiman, and Betty Marlin to Plaintiff's First Amended Complaint, 9th Affirmative Defense, p. 15, attached as Exhibit B to the Declaration of Michael A. Jaeger.  This Answer contains no facts about Aramark.

Thereafter, Plaintiffs filed a Second Amended Complaint that added Aramark as a party. In the Second Amended Complaint, Plaintiffs mentioned Aramark a total of three times while pleading facts, in paragraph 8 to list it as a party, and in paragraphs 18-19 to note that Aramark prepares meals as requested by Snohomish County Jail.  Plaintiffs did not offer any facts as to how Aramark was somehow allegedly negligent in causing or contributing to Mr. Saffioti's unfortunate death.

Plaintiff was then permitted to again amend their complaint for a third time, based on allegations by retired Corrections Deputy Vernon and then parroted by foodservice expert Batali. When Aramark deposed Vernon on May 7, 2015 he disavowed any recollection of the facts in his declaration, and admitted that the information in the declaration was largely provided to him by a Snohomish County Deputy Prosecuting Attorney.

Indeed, while Defendant Snohomish County's theory of liability against Aramark involved an allegation that Aramark may have allowed a dairy product into the oatmeal served at breakfast, an allegation not supported by any evidence, an endorsed Defense medical expert has indicated that he is no longer assuming that Mr. Saffioti was exposed to dairy.  Dr. Paul Detjen, an expert allergist retained by the defense recently wrote:

> "It had been assumed by all, apparently incorrectly, that milk ingestion occurred.  All facts in this case have to now be reevaluated knowing there was no milk ingested by Mr. Saffioti on 7/3/15."[13]

There is no basis for liability against Aramark, because Aramark did nothing wrong.  Aramark provided foodservice to the Snohomish County Jail consistent with the rules and

---

[13] *See* Exhibit 3, Independent Medical Evaluation – Addendum by Dr. Paul Detjen

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1   policies expressed by Defendant Snohomish County.  The tragedy of Michael Saffioti's death

2   cannot be ameliorated by Defendant Snohomish County's continued attempts to embroil Aramark

3   in this litigation, inducing Plaintiffs' to accept as true a false declaration and expert report relying

4   on that declaration.

5                       **IV.    STATEMENT OF THE ISSUE**

6   1.       Whether summary judgment should be granted dismissing Plaintiff's claims of negligence

7            against Defendant Aramark where the Plaintiffs' cannot offer any evidence that Aramark

8            1) was negligent 2) owed any duty to Mr. Saffioti, 3) breached any duty to Mr. Saffioti, or

9            4) that the alleged breach was the proximate cause of Mr. Saffioti's tragic death.

10  2.       Whether the Court should strike the declaration of Thomas Vernon under Fed. R. Civ. P.

11           12(f).

12                   **V.    EVIDENCE SUBJECT TO JUDICIAL NOTICE**

13           Aramark relies on the Third Amended Complaint, Defendant Snohomish County's Answer

14  to Plaintiff's Thrid Amended Complaint, and Declaration of Michael A. Jaeger with attached

15  exhibits.

16               **VI.    LEGAL AUTHORITIES AND ARGUMENT / DISCUSSION**

17  **A.       Summary Judgment Standards.**

18           Summary judgment is properly granted when pleadings, depositions, answers to

19  interrogatories, and admissions on file, together with affidavits, if any, show that there is no

20  genuine issue of material fact and that the moving party is entitled to a judgment a matter of law.

21  Fed. R. Civ. P. 56.  The moving party must demonstrate the basis on which it believes that

22  summary judgment is justified.  *Celotex v. Catrett,*  477 U.S. 317, 91, L. Ed.2d 265, 106 S. Ct.

23  2548 (1986);  *F.T.C. v. Gill,* 265 F.3d 944, 954 (9th Cir. 2001).  "Once the moving party has made

24  a prima facie case for summary judgment, the non-moving party cannot rely on general denials but

25  must demonstrate with evidence that is 'significantly probative' or more than 'merely colorable'

26  that a genuine issue of material fact exists for trial."  *Gill*, 265 F.3d (citing *Anderson v. Liberty*

27

1   *Lobby, Inc.,* 477 U.S. 242, 249-50 (1986)).

2   In order to survive summary judgment, Plaintiff must do more than show that Aramark

3   oversaw the preparation of the meals at the Snohomish County jail at the time of Mr. Saffioit's

4   death.  Plaintiffs' must set forth specific facts that show that Aramark may have breached their

5   duty.  Plaintiffs' cannot meet this burden because there is no evidence that Aramark breached any

6   duty or did anything wrong.

7   **B.      Plaintiffs' Cannot, As a Matter of Law, Prove that Aramark Was Negligent.**

8   Plaintiffs assume that because Aramark oversaw the preparation of the meals for the

9   Snohomish County Jail, and because Mr. Saffioti ate a breakfast at the Jail and later tragically

10   died, Aramark must be negligent.   Plaintiffs' must establish something more than assumptions to

11   hold Aramark liable; but they cannot.

12   Plaintiffs' allege one cause of action against Aramark: for negligence.  *See* Plaintiffs' Third

13   Amended Complaint, Dkt. 106, Section VIII.  In order to prove an actionable claim for negligence,

14   a plaintiff must show: 1) the existence of a duty to the complaining party, 2) a breach of that duty,

15   3) a resulting injury and 4) that the breach was the proximate cause of the injury.  *Reynolds v.*

16   *Hicks*, 134 Wn.2d 491, 951 P.2d 761(1998).  The failure to prove any one of these necessary

17   elements is grounds for dismissal or denial of Plaintiffs' negligence claim.  *Howell v. Blood Bank,*

18   117 Wn2d 619, 624, 181 P.2s 1056 (1991).  Plaintiffs' claim must be dismissed because they

19   cannot establish that Aramark owed a duty of care to Mr. Saffioti, breached any duty of care to

20   Mr. Saffioti, or that Aramark was negligent in any way.

21   Plaintiffs' Third Amended Complaint indicates that Aramark was named in this action

22   based solely upon a conclusory allegation of fault from Defendant Snohomish County:

23   8.  Aramark Correctional Services, LLC ("Aramark") is a company that provides food
     services for SCJ pursuant to a contract they entered into with Snohomish County.  In
     answer to Plaintiffs' First Amended Complaint, Snohomish County, Lennon Del Rosario,
     Jeffrey Langsam, Lauren Kooiman, and Betty Marlin have alleged that Aramark is at fault
     for Michael's death.......Plaintiff's hereby join Aramark as a party based on Snohomish

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

County, Lennon Del Rosario, Jeffrey Langsam, Lauren Kooiman, and Betty Marlin's allegation of negligence and proof of fault.

*See* Plaintiff's Third Amended Complaint.

As discussed above, Plaintiffs' also mention that Aramark makes the food at Snohomish County Jail. Decl. of Jaeger, Exhibit A at ¶¶18-19. Rather than specifically plead the way in which Aramark allegedly owed and breached any duty to Mr. Saffioti, Plaintiffs' merely assert a baseless conclusion after discussing the acts of parties other than Aramark:

> 63. Defendant Snohomish County, through its operation of the Snohomish County Corrections Bureau ad SCJ, and Aramark owed Michael a duty of reasonable care while he was in custody. By virtue of the facts set forth above, defendants' actions and inactions fell well below the standard of care owed Michael, proximately causing his death and making defendants liable for all damages allowed under State law.

*See* Plaintiff's Third Amended Complaint.

However, a close reading of Plaintiffs' Third Amended Complaint reveals that there are no allegations of wrongdoing, duty owed, or a breach of any duty on the part of Aramark. But for the now disproved allegations contained in the Vernon declaration, there are no allegations that Aramark was ever told to prepare a specific meal in recognition of Mr. Saffioti's dietary needs or that Aramark has any responsibility for screening inmates or selecting menu items for inmates with health concerns. There is not even an allegation that Aramark knew Mr. Saffioti was an inmate at the Jail that day; indeed the facts and the allegations are the opposite. More simply put, there is no information alleged that could lead a rational trier of fact to the reasonable conclusion that Aramark was in any way negligent for Mr. Saffioti's death. In contrast, Plaintiffs' Third Amended Complaint specifically admits that "the jail failed to place Michael on the list for a special diet." Decl. of Jaeger, Exhibit 1 at ¶19. Read in concert with Vernon's deposition testimony, the Third Amended Complaint is silent to any negligence by Aramark, because there is none to be found.

1. Snohomish County Admits They Did Not Request A "Special Meal" for Mr. Saffioti

Snohomish County's Policy for the submission of "Special Meals" was governed by an antiquated policy that required that all requests be approved by a single Nurse Supervisor.

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE DECLARATION OF THOMAS VERNON USDC WD WA CAUSE NO. No. 2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1    Defendant Snohomish County admitted that they did not request that the kitchen produce a

2    "Special Meal" despite Nurse Betty Lusk screening Mr. Saffioti and learning of his extreme

3    allergies.

4           2.   <u>There Is No Evidence of a Conversation Between Vernon And Kitchen Staff</u>

5           As demonstrated above, former Corrections Deputy Thomas Vernon has

6
     repudiated the information advanced in his declaration.  It is now abundantly clear that Snohomish
7
     County did not make any effort to communicate a request for a "Special Meal" for Mr. Saffioti
8
9    prior to his tragic death, and at the very least, there is no evidence to support such an allegation.

10          3.   <u>Batali's Report Is Premised On A Manufactured Falsehood</u>

11          Batali's opinions as to the alleged liability of Aramark are based on the allegations

12   of Thomas Vernon.  Interestingly, Batali's report, dated February 11, 2015 predates Vernon's

13
     declaration by three weeks (March 4, 2015).  However, Batali's report refers specifically to
14
     Vernon's allegations, which would not be formalized for several weeks.[14]  Batali's alleged
15
16   imputation  of liability flows directly from Vernon's allegations, and is thus inseparable from

17   Vernon's false declaration:

18          "6.  Upon receiving Deputy Vernon's inquiry regarding a special meal for Mr. Saffioti, due
            to food allergies, Aramark's employees should have inquired further regarding the n ature
19          of the allergy, i.e., dairy allergy or milk intolerance.  Aramark was in the best positon to
            ascertain the correct menu substitution in the case of the former, or to indicate that the
20          existing menu was appropriate, in the case of the later."[15]

21          Now that those allegations have been disavowed, the basis for Batali's report crumbles for

22
     a lack of foundation and must  be disregarded.
23
24          Since Vernon's deposition on May 7, 2015, Defendant Snohomish County has not

25   indicated any plans to strike Vernon's declaration or Batali's report, or otherwise conform with the

26   _____

27   [14] *See* Exhibit 4, Expert report of Ken Batali, February 11, 2015, #5

     [15] *See* Exhibit 4, Expert report of Ken Batali, February 11, 2015, #6

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1   tenets of Fed. R. Civ. P. 11, which addresses representations made to the court.

2   **C.     Plaintiffs' Have No Evidence To Support Their Claim Against Aramark.**

3          Plaintiffs' lack any evidence to support their negligence theory.  A defendant may move

4   for summary judgment on the ground that plaintiff lacks competent evidence to support their

5   claim.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  The

6   Supreme Court in *Celotex* stated, "the plain language of Rule 56(c) mandates the entry of

7   summary judgment, after adequate time for discovery and upon motion, against a party who fails

8   to make a showing sufficient to establish the existence of an element essential to that party's

9   case…" 477 U.S. at 322.

10

11          Here, Plaintiffs' filed their initial complaint on February 19, 2014.  Since then, they have

12   been permitted to file two additional amended complaints and all parties have engaged in

13   aggressive discovery.  On moving this Court for leave to file their Third Amended Complaint,

14   Plaintiffs' primary basis for doing so was a reliance on Vernon's declaration and Batali's report.

15   Because Vernon has repudiated his declaration, Batali's reliance on that testimony for the findings

16   in his report also fails.  Plaintiffs have had ample time to investigate this case and assert a different

17   claim against Aramark.  They have not done so because they cannot do so.

18

19          Aramark has met its burden by showing the Court that there is an absence of evidence to

20   support the plaintiff's' claim.  *See Celotex*, 477 U.S. at 325.

21

22   **D.     The Declaration Of Thomas Vernon Should Be Stricken Under Rule 12(f).**

23          Rule 12(f) provides that a court "may strike from a pleading…any redundant, immaterial,

24   impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike

25   is to avoid the expenditure of time and money that must arise from litigating spurious issues by

26   dispensing with those issues prior to trial…" *Fantasy v. Fogarty,* 984 F.2d 1524, 1527 (9th Cir.

27   1993).

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal rules provide no other means to contest their sufficiency. *McLaughlin v. Copeland,* 435 F. Supp. 513, 519 (D. Md. 1977).

Here, Vernon's March 4, 2015 declaration is certainly "impertinent" and "scandalous". Vernon signed his declaration under penalty of perjury, and recited specific facts that compelled this Court to rely on it when ruling on several motions vital to Aramark's defense. Vernon's deposition testimony illustrated that he had no actual recollection of the events that he swore to in his declaration. Worse still, the information in his declaration was constructed out of whole cloth by an attorney for Defendant Snohomish County.

Because Vernon has admitted that his declaration is untruthful, and because his false assertions gravely prejudice Aramark, his declaration should be stricken. Because Batali's report, relies on the substance of Vernon's perjured testimony, his report should be disregarded.

**E.     Plaintiffs' Cause Of Action Against Aramark Should Be Dismissed Because They Fail To State A Claim.**

In their Second Amended Complaint, Plaintiffs introduced Aramark to this case for the first time. Plaintiffs alleged that Aramark provides food services at the Snohomish County Jail. Decl. of Jaeger, Exhibit A at ¶18. With only this fact, plaintiffs allege that Aramark was somehow negligent in causing Mr. Saffioti's death. Consistent with the allegations in the Plaintiffs' Third Amended Complaint, Plaintiffs' repeat the since disproved allegations from Vernon's declaration and Batali's report.

Plaintiffs' claims against Aramark fail because consistent with the facts and good faith pleading requirements they cannot allege any fact to support a claim that Aramark owed any duty to Mr. Saffioti, breached any duty owed to Mr. Saffioti, or that the alleged breach was the proximate cause of Mr. Saffioti's death.

Plaintiffs' Second Amended Complaint indicates that Aramark was named in this action based solely upon a conclusory allegation of fault from Defendant Snohomish County:

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No. 2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

8.  Aramark Correctional Services, LLC ("Aramark") is a company that provides food services for SCJ pursuant to a contract they entered into with Snohomish County.  In answer to Plaintiffs' First Amended Complaint, Snohomish County, Lennon Del Rosario, Jeffrey Langsam, Lauren Kooiman, and Betty Marlin have alleged that Aramark is at fault for Michael's death…….Plaintiff's hereby join Aramark as a party based on Snohomish County, Lennon Del Rosario, Jeffrey Langsam, Lauren Kooiman, and Betty Marlin's allegation of negligence and proof of fault.

*See* Plaintiff's Third Amended Complaint.

Further, there is no support in the pleadings for the allegation that Mr. Saffioti's death was proximately caused by the consumption of any food negligently prepared by Aramark.  Plaintiffs' have not alleged and cannot show that any action or inaction by Aramark proximately caused Mr. Saffioti's death.  Because Plaintiffs' cannot show that Mr. Saffioti's death was "fairly traceable to Defendant's conduct," their claim of negligence against Aramark fails as a matter of law.  *In re Toyota Motor Corp.,* 754 F. Supp. 2d 1145 at 1160.

Nor do Plaintiffs' provide factual allegations in support of their assertion that Aramark proximately caused Mr. Saffioti's death.  They merely allege that "defendants' actions and inactions fell well below the standard of care owed Michael, proximately causing his death and making defendants liable for all damages allowed under State law."  *See* Plaintiffs' Third Amended Complaint.   This allegation is a "legal conclusion couched as a factual allegation" because Plaintiffs failed to offer any facts of "actions or inactions."  *Iqbal,* 129 S. Ct. at 1949.

Plaintiffs altogether fail to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Therefore, summary judgment is proper in Aramark's favor.

VII.   **CONCLUSION**

The procedural history of this case paints the vivid picture of Plaintiffs' consideration of evidence and selection of the responsible parties against whom to file suit.  It was not until nine months into the litigation that Aramark was brought into this case based on vague allegations from

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENT AND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1   Defendant Snohomish County.   In an effort to avoid the "empty chair" created by Defendant

2   Snohomish County, Plaintiffs' felt compelled to add Aramark to this suit.

3       Knowing it had no liability for Mr. Saffioti's tragic death, Aramark swiftly filed a Motion

4   for Judgment on the Pleadings.  However, Aramark's well founded motion was defeated by the

5   false allegations contained in Vernon's declaration and echoed by Batali's report.

6       Plaintiffs' then sought to include those new allegations in a Third Amended Complaint.

7   Aramark opposed the filing of Plaintiffs' Third Amended Complaint, but having no reason or

8   ability to question the allegations put forth by Defendant Snohomish County, the Court allowed

9   Plaintiffs' to file their Third Amended Complaint, which included the new allegations.  Vernon's

10  declaration and Batali's expert report were thus the essential pieces of information that formed the

11  basis for the Court to rule that Aramark was not entitled to judgment on the pleadings and that

12  Plaintiffs' were entitled to amend their complaint for a third time, over Aramark's opposition,

13  weeks after the pleading deadline to do so had passed.

14      When Aramark deposed Thomas Vernon on May 7, 2015, his testimony clearly established

15  that he had no memory of the events in his declaration.  Vernon testified that the Snohomish

16  County Prosecutors Office provided the information in his declaration, approximately two years

17  after the subject event.

18      Plaintiffs' initially based their claim of negligence against Aramark on Defendant

19  Snohomish County's affirmative defense in their answer to Plaintiffs' First Amended Complaint,

20  and later on the information provided by the Vernon declaration and Batali's report, memorialized

21  within the Third Amended Complaint.  Neither Plaintiffs' nor Defendant Snohomish County had a

22  basis for liability against Aramark, nor have they developed a basis for liability, beyond that.

23      Following Vernon's deposition and his repudiation of the statements in his declaration

24  contrived for him by Defendant Snohomish County, there is now a complete dearth of evidence,

25  supporting any liability against Aramark.  This lack of evidence shows that Aramark has clearly

26  demonstrated that there is no genuine dispute as to any material fact and that Aramark is entitled

27  to judgment as a matter of law.  Aramark reserves the right to seek any sanctions that this Court

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1  deems necessary and appropriate.

2       For the forgoing reasons, Aramark respectfully requests that his Court dismiss Plaintiffs'

3  claim against Aramark, and strike Vernon's declaration.  As a result, Aramark should be dismissed

4  with prejudice.

5

6  DATED: May 13, 2015          LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                             */s/ Michael A. Jaeger*

9                           Michael A. Jaeger, WSBA 23166

10                           Attorney for Defendant Aramark Correction Services, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on May 13, 2015, I electronically filed this document with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to counsel of
record as follows:

3

4

James S. Rogers, WSBA #53335
Cheryl L. Snow, WSBA #26757
Elizabeth J. Donaldson, WSBA #45291
jsr@jsrogerslaw.com
csnow@jsrogerslaw.com
liz@jsrogerslaw.com
Attorneys for Plaintiffs

5

6

7

8

Robert Tad Seder, WSBA #14521
Hillary Evans Graber, WSBA #35784
tseder@co.snohomish.wa.us
Hillary.graber@snoco.org
Attorneys for Defendants Snohomish County,
Del Rosario, Langsam, Kooiman, Marlin

9

Sean Malcolm
Kirkland Trial Lawyers
sean@kirklandtriallawyer.com
Attorneys for Defendant Brian Quinn

10

Caryn Geraghty Jorgensen
cjorgensen@mms-seattle.com
Attorney for Defendant Snohomish County

11

12

13

  /s/ Marlisa Lochrie
Marlisa Lochrie, Legal Secretary

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4839-5564-4962.1 DEFENDANT ARAMARK'S MOTION FOR
SUMMARY JUDGMENTAND MOTION TO STRIKE
DECLARATION OF THOMAS VERNON
USDC WD WA CAUSE NO. No.  2:14-cv-00361-TSZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020