Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARY SAFFIOTI, individually and as Personal Representative of the ESTATE OF MICHAEL SAFFIOTI, deceased, and GIOVANNI SAFFIOTI, individually,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY, a municipal corporation, LENNON DEL ROSARIO, BRIAN QUINN, JEFFREY LANGSAM, LAUREN KOOIMAN, LYNDA SIMON, BETTY MARLIN, BETTY LUSK, and ARAMARK CORRECTIONAL SERVICES, LLC, a limited liability company organized under the State of Delaware,<br><br>Defendants. | No. 2:14-cv-00361-TSZ<br><br>SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTED ON MOTION CALENDAR: May 22, 2015<br><br>Without Oral Argument |

**I.      RELIEF REQUESTED**

The Snohomish County Defendants intend to file a summary judgment motion on May 13, 2015, which will contain an exhibit subject to the "Confidentiality" provisions of the parties' Stipulated Protective Order, Dkt. 78. The subject exhibit is a two-part surveillance

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 2:14-cv-00361-TSZ) - 1

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

video of the Snohomish County Jail, Module E-4, from the morning of July 3, 2012. The Snohomish County Defendants respectfully request that the Court seal this exhibit or enter other appropriate orders.[1]

## II.  BACKGROUND

### A.  Plaintiffs' Claims and Allegations

On July 3, 2012, Michael Saffioti died while incarcerated at the Snohomish County Jail. Dkt. # 106 (3d Am. Compl.), at 2–3; 14–16. Plaintiffs allege that Mr. Saffioti died of anaphylactic shock due to the presence of diary in oatmeal that he ate in the Jail. *Id*. Plaintiffs allege that the Snohomish County Defendants (1) were deliberately indifferent to Mr. Saffioti's need for medical attention, (2) violated Plaintiffs' individual Fourteenth Amendment rights due to the loss of their son, (3) committed the tort of outrage, and (4) were negligent. *Id*. at 4–10; 14–16. Plaintiffs have asserted negligence claims against Aramark. *Id*. at 16.

### B.  Evidence Subject to Motion to Seal

The exhibit subject to this Motion to Seal is comprised of two surveillance videos. Fetters Decl. Ex. A (Module Video, Filed Under Seal). Both videos are of the Snohomish County Jail, Module E-4, from the morning of July 3, 2012. *Id*. The first video shows Module E-4 between 5:30 and 6:30 a.m. *Id*. The second video shows Module E-4 between 6:30 and 7:11 a.m. *Id*.

---

[1] Local Civil Rule 5(g) permits a party to file documents under seal without prior Court approval pending the Court's ruling on the motion to seal. LCR 5(g)(2)(B). Under this process, the documents are kept under seal until the Court determines whether they should remain sealed. *Id*.

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 2:14-cv-00361-TSZ) - 2

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

**C.   Meet and Confer Certification**

The meet and confer requirements of the Parties' Stipulated Protective Order and Local Rule 5(g) do not apply with respect to the surveillance videos because Snohomish County is the "designating party" under those provisions. *See* Dkt. 78 at 5; LCR 5(g)(1)(A).

### III.   AUTHORITY AND ARGUMENT

**A.   The Surveillance Video Falls Within the Definition of "Confidential" Materials, as Defined by the Stipulated Protective Order.**

The parties' Stipulated Protective Order states that the following documents, among others, may be designated as "Confidential" material:

> b.   Snohomish County Jail inmate records; records of this nature may contain medical and/or psychological records, social security information, date of birth, photographs, or any other private or confidential information. This includes, but is not limited to, healthcare records and Protected Health Information ("PHI") related to inmates incarcerated in the Snohomish County Jail is protected from disclosure pursuant to 45 CFR § 164.512(e), RCW 70.02.060 and RCW 70.48.100.
>
> c.   The parties intend for this Order to comply with the requirements of RCW 70.48.100(c) that allows confidential inmate records to be made available "for use in court proceedings upon the written order of the court in which the proceedings are conducted."
>
> * * *
>
> j.   Any other information to be requested in discovery that has an equivalent need for protection from disclosure as those items identified in subparagraphs 1(a) through (i).

Dkt. 78 at 2–3.

The surveillance video qualifies as "confidential" under provisions (b) and (c) of the Protective Order because the video is an "inmate record" pursuant to RCW 70.48.100 and/or because the video requires an equivalent need for protection from disclosure as those items identified in subparagraphs 1(a) through (i) of the Stipulated Protective Order. Washington's

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 2:14-cv-00361-TSZ) - 3

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

jail records statute provides that "records of a person confined in jail shall be held in confidence" and are only made available for use in court proceedings upon the written order of the court or upon the written permission of the person. Wash. Rev. Code § 70.48.100(2); *Sotin v. Snider*, No. CV-07-325-RHW, 2008 U.S. Dist. LEXIS 120549, *2–3, 2008 WL 2074033 (E.D. Wash. May 14, 2008). Snohomish County Code § 5.04.060 incorporates the privacy requirements of Wash. Rev. Code § 70.48.100. Although Wash. Rev. Code § 70.48.100(2) does not expressly state that a video recording of an inmate is a "record of a person confined in jail," this is fairly inferred by virtue of Wash. Rev. Code § 7.48.100(3), which provides privacy protections to booking photos of inmates. *Cf. Cowles Publ'g Co. v. Spokane Police Dep't*, 139 Wn.2d 472, 481, 987 P.2d 620 (1999) ("We conclude the specific language of RCW 70.48.100(2) limits the use of booking photos to legitimate law enforcement purposes only."). Similarly, Wash. Rev. Code § 42.56.250(8) prohibits the release of photos of corrections deputies.

B. **Washington Law Requires a Court Order Prior to Public Release the Surveillance Video.**

Local Civil Rule 5(g) states, "[t]here is a strong presumption of public access to the court's files." *Id*. The rule further provides that evidence will not be sealed unless authorized by a statute, rule, or prior court order, and that the motion to seal must be supported by "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(2), (3).

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point.

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN
EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(No. 2:14-cv-00361-TSZ) - 4

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

*Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling reasons for sealing that outweigh the public policies favoring disclosure.  *Kamakana*, 447 F.3d at 1178-79.

Under the "compelling reasons" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id*. (internal citations and quotation marks omitted).  "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Id*. at 1179 (internal alterations, quotation marks, and citations omitted).  Then, "if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id*.

The Court previously found that there was good cause to limit public access to images of the Jail in relation to Plaintiffs' request to videotape a tour of the Jail.  *See* Dkts. 52–54; 61–63; 69.  In Snohomish County's prior briefing on this issue, the Declaration of Lyndsey M. Downs explained that the County previously provided the surveillance video to Plaintiffs pursuant to a Public Records Act Request.  Dkt. 63 at 1–2.  Thereafter, the County received requests from certain media outlets to obtain the video.  *Id*. at 2.  Because the video is a "jail record" pursuant to Wash. Rev. Code § 70.48.100(2), the County deemed the video confidential, meaning that it could be released only to certain persons as set forth by statute.  *Id*.  Accordingly, the County advised Plaintiffs of any request by the media outlets, and

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN
EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(No. 2:14-cv-00361-TSZ) - 5

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

Plaintiff provided written consent authorizing release of the video to the requesting media outlets, all as authorized and required under Washington law. *Id*. at Dkt. 63 at 2–4.

In this case, Snohomish County acknowledges that motions to seal are disfavored and require "compelling reasons" to justify sealing evidence used to support a dispositive motion. Nevertheless, under the present circumstances, Wash. Rev. Code § 70.48.100(2)(c) requires a court order before the County can "release" the subject video to the general public by virtue of its summary judgment motion. Thus, Snohomish County respectfully requests that the Court either (1) maintain the surveillance video under seal; or (2) issue an Order pursuant to Wash. Rev. Code § 70.48.100(2)(c).

### IV. CONCLUSION

A proposed order is submitted with this motion.

DATED: May 13, 2015.

        MILLS MEYERS SWARTLING P.S.
        Attorneys for Snohomish County

By: */s/John Fetters*
     Caryn Geraghty Jorgensen
     WSBA No. 27514
     John Fetters
     WSBA No. 40800
     Mills Meyers Swartling P.S.
     1000 Second Avenue, 30th Floor
     Seattle, WA 98104
     Telephone: 206-382-1000
     Fax: 206-386-7343
     cjorgensen@millsmeyers.com
     jfetters@millsmeyers.com

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 2:14-cv-00361-TSZ) - 6

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

|     |                                                        |
| --- | ------------------------------------------------------ |
| 1   | MARK K. ROE                                            |
|     | Snohomish County Prosecuting Attorney                  |
| 2   |                                                        |
| 3   | Robert Tad Seder                                       |
|     | WSBA No. 14521                                         |
| 4   | Hillary Evans Graber                                   |
|     | WSBA No. 35784                                         |
| 5   | Deputy Prosecuting Attorneys                           |
|     | Attorney for Snohomish County                          |
| 6   | Defendants                                             |
| 7   | Snohomish County Prosecuting                           |
|     | Attorney – Civil Division                              |
| 8   | 3000 Rockefeller Ave., M/S 504                         |
|     | Everett, Washington  98201                             |
| 9   | Phone: (425) 388-6330                                  |
|     | Fax: (425) 388-6333                                    |
| 10  | tseder@co.snohomish.wa.us                              |
| 11  | hillary.graber@snoco.org                               |

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(No. 2:14-cv-00361-TSZ) - 7

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

**Elizabeth J. Donaldson**   liz@jsrogerslaw.com

**Hillary Evans Graber**   Hillary.Evans@co.snohomish.wa.us, SPalmer@co.snohomish.wa.us, Steven.Beard@co.snohomish.wa.us

**Mick A. Jaeger,**   jaeger@lbbslaw.com, lisa.blakeney@lewisbrisbois.com

**Brian A. Kelly,**   bakelly@duanemorris.com, bmcoffey@duanemorris.com, llrich@duanemorris.com, jcoogan@duanemorris.com

**Robert D. Lee**   rlee@cozen.com, dfinafrock@cozen.com

**Sean Bennet Malcolm,**   sean@kirklandtriallawyer.com

**James Steven Rogers**   jsr@jsrogerslaw.com, anna@jsrogerslaw.com, csnow@jsrogerslaw.com, dawn@jsrogerslaw.com, michelle@jsrogerslaw.com, bjb@jsrogerslaw.com, katelyn@jsrogerslaw.com, liz@jsrogerslaw.com

**Robert Tad Seder**   tseder@co.snohomish.wa.us, SPalmer@co.snohomish.wa.us, Steven.Beard@co.snohomish.co.us, llindquist@co.snohomish.wa.us

**Cheryl L. Snow**   csnow@jsrogerslaw.com, cherylsnow000@gmail.com

**William Harrison Walsh**   wwalsh@cozen.com, jmyoung@cozen.com, smacias@cozen.com, iwilliamson@cozen.com, smacias@cozen.com

Dated May 13, 2015.

_____
Legal Assistant

SNOHOMISH COUNTY'S MOTION TO SEAL CERTAIN EVIDENCE SUBMITTED WITH THE SNOHOMISH COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 2:14-cv-00361-TSZ) - 8

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343